J-S10016-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DANA H.D. MAXWELL | : | |
| | : | |
| Appellant | : | No. 2613 EDA 2021 |

Appeal from the PCRA Order Entered December 1, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0004736-2013

BEFORE:  PANELLA, P.J., LAZARUS, J., and STABILE, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED MAY 08, 2023**

Dana H.D. Maxwell appeals from order, entered in the Court of Common Pleas of Philadelphia County, dismissing, without a hearing, his petition fled pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. In addition, counsel for Maxwell has filed with this Court a motion to withdraw.[1]  After our review, we affirm the PCRA court's order and grant counsel's petition to withdraw.

---

[1] Counsel filed a brief entitled, "*Anders/McClendon* Brief for Appellant." Counsel indicated that "[a]s this is a direct appeal from an order resolving a petition seeking relief pursuant to the PCRA, this *Anders/McClendon* brief is submitted pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) [(en banc)]." To clarify, an **Anders** brief is filed when seeking to withdraw in a direct appeal. An appeal from an order denying post-conviction relief is a collateral appeal, and the proper mechanism for withdrawal on appeal from the denial of a PCRA petition is a **Turner/Finley** no-merit letter.  **See Turner**, **supra**; **Finley**, **supra**.  However, because an **Anders** brief provides greater protection to a
*(Footnote Continued Next Page)*

In January 2015, a jury convicted Maxell of attempted burglary, criminal trespass, and possession of an instrument of crime.[2]  The sentencing court imposed an aggregate sentence of 12 ½ to 25 years in prison.[3]  Maxwell filed post-sentence motions, which were denied by operation of law on April 12, 2016.  Maxwell did not file a direct appeal.

On June 8, 2016, Maxwell filed a timely *pro se* PCRA petition seeking reinstatement of his appellate rights *nunc pro tunc*.  The court appointed Todd Moser, Esquire, to represent Maxwell, and Maxwell's appellate rights were reinstated.   On direct appeal, this Court affirmed Maxell's judgment of sentence.  ***Commonwealth v. Maxwell***, 2678 EDA 2016 (Pa. Super. filed Jan. 7, 2020) (unpublished memorandum decision).  Maxwell did not seek review in the Pennsylvania Supreme Court.

On December 23, 2020, Maxwell filed a timely *pro se* petition seeking PCRA relief.  The court appointed Andres Yalon, Esquire, to represent Maxwell.  Attorney Yalon filed a petition to withdraw and a ***Turner/Finley*** no-merit letter.  The PCRA court issued notice of intent to dismiss without a hearing pursuant to Pa.R.Crim.P. 907 and Maxwell filed a response.  On December 1,

---

criminal appellant, we may accept an ***Anders*** brief in lieu of a ***Turner/Finley*** no-merit letter.  ***See Commonwealth v. Widgens***, 29 A3d 816, 817 n.2 (Pa. Super. 2011); ***Commonwealth v. Fusselman***, 866 A.2d 1109, 1111 n.3 (Pa Super. 2004).

[2] Todd R. Fiore, Esquire, represented Maxell at trial.

[3] Vazken Zerounian, Esquire, represented Maxell at sentencing.

2021, the PCRA court dismissed Maxell's petition and granted Attorney Yalon's petition to withdraw.

Maxwell filed a timely *pro se* appeal to this Court on December 8, 2021. On June 7, 2022, pursuant to Pa.R.Crim.P. 122, the court appointed current counsel, Michael Parkinson, Esquire, to represent Maxwell on collateral appeal, and issued an order pursuant to Pa.R.A.P. 1925(b). Maxwell did not file a Rule 1925(b) concise statement of error relied on for appeal. The PCRA court, however, acknowledged that the delay in issuing the order was a result of a breakdown in the court operations and, therefore, it relied on Maxwell's PCRA petition to determine the issues Maxwell wished to raise on appeal. On November 22, 2022, Attorney Parkinson filed a motion to withdraw from representing Maxwell on collateral appeal.

Before reviewing the merits of this appeal, we must determine whether counsel has satisfied the procedural requirements for withdrawal from his representation. *See Commonwealth v. Walters*, 135 A.3d 589, 591 (Pa. Super. 2016). Our Supreme Court has stated that competent counsel must independently review the record before withdrawal shall be permitted. *Turner*, *supra* at 928, citing *Pennsylvania v. Finley*, 481 U.S. 551, 558 (1987). Such independent review requires proof of: (1) a "no-merit" letter from PCRA counsel detailing the nature and extent of counsel's review; (2) the "no-merit" letter by PCRA counsel listing each issue the petitioner wished to have reviewed; and (3) PCRA counsel's explanation, in the "no-merit" letter, as to why the petitioner's issues are meritless. *Commonwealth v. Pitts*,

- 3 -

981 A.2d 875, 876 n.1 (Pa. 2009); *Commonwealth v. Rykard*, 55 A.3d 1177, 1184 (Pa. Super. 2012). Additionally, the PCRA court or the appellate court must independently review the record and agree that the petition was meritless. *See id.*

In *Commonwealth v. Friend*, 896 A.2d 607 (Pa. Super. 2006), this Court announced an additional prerequisite requirement for counsel seeking to withdraw in collateral proceedings:

> that PCRA counsel who seeks to withdraw must contemporaneously serve a copy on the petitioner of counsel's application to withdraw as counsel[] and must supply to the petitioner both a copy of the "no-merit" letter and a statement advising the petitioner that, in the event that the [C]ourt grants the application of counsel to withdraw, he or she has the right to proceed *pro se* or with the assistance of privately retained counsel.

*Id.* at 614.[4]

Counsel has complied with the procedural requirements. *See* Petition to Withdraw, 11/22/22, at ¶¶ 4-9; Counsel's Letter to Maxwell, 11/22/22. We, therefore, proceed to our review of the following issue: "Did the PCRA court err when it dismissed Maxwell's PCRA petition without a hearing as not raising a meritorious claim under the PCRA?" *Anders* Brief, at 4. In his PCRA petition, Maxwell raised the following issues: (1) sufficiency of the evidence supporting each of his convictions; (2) trial counsel's ineffectiveness for failing to challenge "other crimes evidence" presented by the Commonwealth

---

[4] Our Supreme Court overruled *Friend* on other grounds, *see Pitts*, *supra*, however the additional requirement that counsel provide copies of the relevant documentation to the petitioner remains intact. *Widgins*, 29 A.3d at 818.

pursuant to Pa.R.E. 404(b); and (3) that the trial judge abused her discretion in instructing the jury to continue deliberating after informing the court it was a hung jury.

Our standard of review of a PCRA order is well-settled:

> Under the applicable standard of review, we must determine whether the ruling of the PCRA court is supported by the record and is free of legal error. The PCRA court's credibility determinations, when supported by the record, are binding on this Court. However, this Court applies a de novo standard of review to the PCRA court's legal conclusions.

*Commonwealth v. Spotz*, 18 A.3d 244, 259 (Pa. 2011) (citations omitted).

For the following reasons, we agree with counsel's assessment that the issues are meritless. Maxwell's claims are either not cognizable under the PCRA, waived, or previously litigated and, therefore, he is not eligible for relief. *See* 42 Pa.C.S.A. § 9543(a) (setting forth eligibility requirements for PCRA relief); *see also id.* at § 9544(a), (b) (previous litigation and waiver).

In his first claim, Maxwell challenges the sufficiency of the evidence for each of his convictions. The issue of sufficiency of the evidence does not rise to constitutional stature and is not cognizable in a PCRA proceeding. *See Commonwealth v. Bell*, 706 A.2d 855, 861 (Pa. Super. 1998); *see also Commonwealth v. Price*, 876 A.2d 988, 989 (Pa. Super. 2005) (challenge to sufficiency of evidence fails to raise cognizable claim under PCRA); 42 Pa.C.S.A. §§ 9543(a)(2)(i)-(viii).

In his second issue, Maxwell claims that trial counsel was ineffective for failing to challenge "other crimes evidence" presented by the Commonwealth

pursuant to Pa.R.E. 404(b). Maxwell raised the issue of "other crimes evidence" on direct appeal to this Court. ***See Commonwealth v. Maxwell***, ***supra*** at 4-7. Maxwell did not seek discretionary review of this Court's decision in the Pennsylvania Supreme Court. Thus, the underlying issue has been previously litigated. ***See*** 42 Pa.C.S.A. § 9543(a)(3); ***see also id.*** at § 9544(a)(2) (issue previously litigated if highest appellate court in which petitioner could have had review as matter of right has ruled on merits of issue). Maxwell's attempt to revive the issue by couching it in terms of ineffectiveness is of no avail. ***See Commonwealth v. Rivers***, 786 A.2d 923, 929 (Pa. 2001) (claims for post-conviction relief are not merely direct appeal claims made at later stage of proceedings, cloaked in boilerplate assertion of counsel's ineffectiveness; in essence, they are extraordinary assertions that system broke down).

Finally, Maxwell claims the court abused its discretion in instructing the jury to continue deliberations once it communicated that it was deadlocked.[5]

_____

[5] When so informed, the trial court gave the following instruction:

> Given the amount of time that you've spent thus far in trying to come to a decision, there really has not been sufficient time for you all to fully consider this matter. You are welcome to additional information, additional documentation. And, **as the judge in this matter, I don't feel you've had enough time to fully deliberate. So I am charging that you continue your deliberations in an attempt to see upon which, if any, of the charges you can agree.** It isn't even lunch-time yet, and we

*(Footnote Continued Next Page)*

Maxwell did not raise this claim on direct appeal and, therefore, it is waived. **See** 42 Pa.C.S.A. § 9543(a)(3)(i).

Based on the foregoing, we conclude that the PCRA properly dismissed Maxwell's petition without a hearing. Furthermore, our independent review of the certified record has uncovered no additional meritorious issues. Accordingly, we affirm the PCRA court's order and grant counsel's petition to withdraw.

Order affirmed. Petition to withdraw granted.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

Date: *5/8/2023*

---

have ordered lunch for you. . . . Sometimes you feel a little better after getting some food [in] your stomach.

N.T. Jury Trial, 1/9/15, at 6-7 (emphasis in original). We note that the Pennsylvania Supreme Court has approved such instructions—a **Spencer** charge—when it is "non-coercive." **See Commonwealth v. Spencer**, 275 A2d 299, 337 (Pa. 1971). A **Spencer** charge arises in the context of deadlocked jury; it is "a non-coercive charge" that "instruct[s] the jurors to be true to their convictions, but to reconsider their original views[.]" **Commonwealth v. Greer**, 951 A.2d 346, 378 (Pa. 2008). Were this issue not waived, we would find the charge "non-coercive."